MEMORANDUM
LETTS, J.
On June 13, 1933, the President approved the Act of Congress known as the “Home Owners’ Loan Act of 1933.” Such Act was passed in recognition of the economic condition existing in this country and with a view to relieve home owners of distress which seemed to be incident to the depression.
The Act authorizes the District of Columbia Agency, of the Home Owners’ Loan Corporation, to acquire in exchange for its bonds home mortgages and other obligations and liens secured by read estate. The Act also authorizes the Home Owners’ Loan Corporation to promulgate appropriate regulations for the conduct of the affairs of the Corporation and necessary to administration of the law.
Among the rules, so promulgated by the Corporation, is one which instructs and requires a District Manager to attempt to obtain the agreement and consent of the owners of notes, secured on the property of an applicant, to accept bonds of the Home Owners’ Loan Corporation in exchange for such *167 notes. Such consent of the holders of notes on real estate is made a condition precedent to the acceptance of an application for the relief afforded by the Act of Congress.
This plaintiff has made application and it has become the duty of the District Manager, under the rules and regulations, to consider said application and determine whether or not it should be granted. An effort has been made by the plaintiff and by the District Manager to learn the identity of the holders of the notes secured by plaintiff’s real estate.
It appears that the defendant Corporation, ARMS AND DRURY, originally negotiated the loan which is secured by the incumbrance on plaintiff’s real estate. Such defendant has sold the notes to various of its clients and professes to be the agent of the present holders of such notes. The defendant ARMS AND DRURY has advised the plaintiff and the District Manager that the present holders of the notes will not consent to exchange them for the bonds of the Corporation. Said ARMS AND DRURY take the position that it is the agent of the present holders of the notes and owes no duty to the plaintiff nor to the District Manager to disclose the identity of the present holders of the notes in question, and takes the position that to disclose such identity would subject the present holders of the notes to embarrassment, importunity and harassment to which they should not be subjected. Accordingly, ARMS AND DRURY have declined to divulge the names of the present holders of the notes.
The court does not regard this procedure as one in discovery. Discovery in its broad sense is in aid of a suit at law or in equity where relief is sought. It is considered that the issue here may rather be determined upon principles of agency.
The defendant, ARMS AND DRURY, first negotiated the loan secured by deed of trust in which one Drury and one Nicholson were named as trustees. The loan was in the interest of the then owner, one Acker, predecessor in title to this plaintiff. The defendant, ARMS AND DRURY, admits the *168 allegations of the bill which indicates that it has since the loan was negotiated received payments from the plaintiff and has applied the amount so paid to the payment of interest, the payment of taxes and the payment of insurance premiums. It is not clear whether the defendant, ARMS AND DRURY, took a commission from Acker for negotiating the loan but it is quite certain that it has at all times occupied a position of dual agency; or its position might better be described as one of common agency since the indebtedness secured by the deed of trust is represented by four notes, now in the hands of four separate holders. The court thinks that ARMS AND DRURY are constructive agents for all persons in interest and apparently have occupied such position with the knowledge and consent of all such parties. Upon such conclusion of law it must of necessity follow that ARMS AND DRURY may not, in law, take the position which it here asserts to be the agent of the note holders. It would seem that it has assumed a position of confidence and trust mutual to all interested parties. This would mean that it is not privileged to deal at arm’s length with this plaintiff, but is under duty which requires fair dealing. The right of which plaintiff seeks to avail herself is one which has recently been created by Congress. She cannot avail herself of the benefits afforded except, and only when and if, the holders of the notes consent to accept therefor the bonds of the Home Owners’ Loan Corporation. If ARMS AND DRURY is permitted to set itself up as an adverse party, plaintiff is without remedy and the relief afforded would be blocked and the administration of the Home Owners’ Loan Act would be effectually obstructed; perhaps to plaintiff’s disadvantage and certainly to her loss in the event of foreclosure of the deed of trust on her property and if such foreclosure could now be avoided by obtaining the consent of the note holders to accept the bonds of the Home Owners’ Loan Corporation in exchange for the trust notes. The court thinks that the right afforded by Congress *169 to home owners who are in distress is a substantial one and that its beneficial effects should not come to naught and be wholly nullified by the unwarranted failure of an agent to disclose to a principal information which is necessary to the orderly administration of the relief Act. The fact that an agent purports to act as an adverse party does not relieve him from the duty of giving a principal information of which he is possessed through his agency when such information is of value to the principal and necessary to the protection of the principal's rights or essential to the free exercise thereof. The obligations of common agency destroy all thought of independence on the part of the agent. His relationship is one of trust and confidence and his position may not be used for the benefit of one to whom he owes fidelity and to the disadvantage of another who has an equal claim upon him for fair dealing. To the extent that an agent has a duty to his principal to have or to acquire relevant information concerning the subject matter of the agency, he is not privileged to withhold same from such principal in the interest of another whose mutual agent he is and certainly not in his own interest or for his own purposes.
Admissions found in the bill and the answer of the defendant, ARMS AND DRURY, indicate that ARMS AND DRURY is the agent for adverse principals in the matter of this loan, the collection of interest, taxes and insurance premiums from this plaintiff and the distribution of such payments to the note holders in the payment of interest and applying necessary amounts to the payment of tax and insurance items. Such defendant was subject to a duty to act with fairness to each of the adverse principals which it represented and to disclbse to each all facts necessary to fully protect their separate rights and cannot favor one over another in the discharge of his duty. He must act with consideration for the interests of each and in so doing he must be impartial.
*170 Plaintiff may present for signature an appropriate order granting the relief sought in the bill and by the rule.